IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY E. COUTZ, and<br>JENNIFER COUTZ, his wife,<br><br>       Plaintiffs,<br>  v.<br><br>GEICO DIRECT, t/a GEICO GENERAL<br>INSURANCE COMPANY,<br><br>       Defendant. | CIVIL ACTION No. 1:08-cv-33-JJF |

## MOTION TO TRANSFER VENUE

The defendant, GEICO Direct, t/a GEICO General Insurance Company (hereinafter "GEICO"), by their counsel, hereby moves this Court to transfer venue to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in this matter and in the interest of justice. In support thereof, GEICO states as follows:

1.     The Plaintiffs, Harry Coutz and Jennifer Coutz (hereinafter "plaintiffs"), are citizens of the Commonwealth of Pennsylvania.

2.     GEICO is a corporation organized and existing under the laws of the State of Maryland with principle places of business in the State of Maryland and the Commonwealth of Virginia.

3.     On November 19, 2007, plaintiffs initiated this action by filing a Complaint in the Superior Court of the State of Delaware in and for New Castle County. The Complaint presents two counts: the first is for unreasonable and bad faith refusal to pay underinsured motorist benefits pursuant to Plaintiff Jennifer Coutz' automobile insurance policy with GEICO and also

1

seeks compensatory damages, punitive damages, and attorneys fees; the second is for Loss of Consortium.

4.    On January 15, 2008, GEICO timely removed the present action to this Court pursuant to 28 U.S.C. § 1441. Jurisdiction in the District Court is premised upon diversity of citizenship, 28 U.S.C. § 1332.

5.    Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." GEICO has the burden of establishing the need for transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910 (1971).

6.    In making its determination, the Court should examine "all relevant factors to determine whether, on balance, the litigation would more conveniently proceed and the interests of justice be better served by transferring to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (*quoting* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3847 (2d ed. 1986)). These factors include both private and public interests.

7.    The private interests may include: (1) the plaintiff's initial choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial position; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records – but also only to the extent that the files could not be produced in the alternative forum. *See Jumara*, 55 F.3d at 879.

8.    The public interests may include: (1) the ability of the Court to enforce the

2

judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

9.     The present action involves an interpretation and application of Maryland law to a Maryland automobile insurance policy covering a vehicle that was registered and insured in the Maryland. This case has minimal contacts with the present forum in that Delaware was the *situs* of the relevant motor vehicle collision. At the time of the collision, Plaintiff Jennifer Coutz was a resident of the State of Maryland and Harry E. Coutz was a resident of the State of Delaware. As stated above, the plaintiffs currently reside in the Commonwealth of Pennsylvania.

10.     To continue this case in this Court will result in unnecessary expense and inconvenience on the part of the parties as well as the witnesses. All of GEICO's witnesses reside in the State of Maryland or the Commonwealth of Virginia and unnecessary expenses will be incurred in traveling to Delaware.

11.     The United States District Court for the District of Maryland constitutes a more convenient forum for the trial of this case in that GEICO's books and records are located in that district.

12.     The United States District Court for the District of Maryland would meet the jurisdictional and venue requirements of law as a forum for this case in the event of its transfer.

13.     Plaintiff would not be prejudiced or hampered in the presentation of this case in the United States District Court for the District of Maryland.

WHEREFORE, the defendant, GEICO Direct, t/a GEICO General Insurance Company,

3

respectfully requests this Court transfer venue from the United States District Court for the

District of Delaware to the United States District Court for the District of Maryland.

SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esquire (I.D. 3777)
Michael B. Galbraith, Esquire (I.D. 4860)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935
nskiles@swartzcampbell.com
Attorneys for Defendant GEICO Direct, t/a
GEICO General Insurance Company

Dated: May 19, 2008

4

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY E. COUTZ, and<br>JENNIFER COUTZ, his wife,<br><br>         Plaintiffs,<br>    v.<br><br>GEICO DIRECT, t/a GEICO GENERAL<br>INSURANCE COMPANY,<br><br>         Defendant. | CIVIL ACTION No. 1:08-cv-33-JJF |

## **DEFENDANT'S NOTICE OF MOTION TO TRANSFER VENUE**

**PLEASE TAKE NOTICE** that the attached Defendant's Motion to Transfer Venue

will be heard before the Court on Friday, June 6, 2008 at 2:00 p.m.


SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esquire (I.D. 3777)
Michael B. Galbraith, Esquire (I.D. 4860)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935
nskiles@swartzcampbell.com
Attorneys for Defendant GEICO Direct, t/a
GEICO General Insurance Company

Dated: May 19, 2008

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY E. COUTZ, and
JENNIFER COUTZ, his wife,

        Plaintiffs,

  v.

GEICO DIRECT, t/a GEICO GENERAL
INSURANCE COMPANY,

        Defendant.

CIVIL ACTION No. 1:08-cv-33-JJF

## <u>ORDER</u>

HAVING CONSIDERED Defendant GEICO Direct, t/a GEICO General Insurance

Company's Motion to Transfer Venue and any response thereto,

IT IS HEREBY ORDERED that GEICO's Motion to Transfer Venue is GRANTED and

that this matter is transferred to the United States District Court for the District of Maryland,

pursuant to 28 U.S.C. § 1404(a).

SO ORDERED this _____ day of _____, 2008.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY E. COUTZ, and
JENNIFER COUTZ, his wife,

        Plaintiffs,

v.

GEICO DIRECT, t/a GEICO GENERAL
INSURANCE COMPANY,

        Defendant.

CIVIL ACTION No. 1:08-cv-33-JJF

## CERTIFICATE OF SERVICE

I, Nicholas E. Skiles, Esquire, hereby certify that on this 19th day of May, 2008, I sent

two (2) copies of the foregoing Motion to Transfer Venue via U.S. Mail, postage prepaid to the

following counsel of record:

Antonia A. Bevis, Esquire
Ferrara, Haley, Bevis & Collins
1716 Wawaset Street
P.O. Box 188
Wilmington, DE 19899-0188

SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esquire (ID No. 3777)
Michael B. Galbraith, Esquire (ID No. 4860)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935
nskiles@swartzcampbell.com
Attorneys for Defendant GEICO Direct, t/a
GEICO General Insurance Company