IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY E. COUTZ and            :
JENNIFER COUTZ                :
                             :
            Plaintiffs,       :
                             :
    v.                        :   Civil Action No. 08-33-JJF
                             :
GEICO DIRECT,                 :
t/a GEICO GENERAL INSURANCE   :
COMPANY,                      :
                             :
            Defendant.        :


## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion To Transfer

Venue (D.I. 4).   For the reasons discussed, the Court will deny

Defendant's Motion.

## BACKGROUND

Defendant Geico Direct, t/a GEICO General Insurance Company

is a Maryland Corporation that provides motor vehicle insurance.

(D.I. 1.)   Plaintiffs, who are both citizens of the State of

Pennsylvania, brought this action in the Superior Court Of The

State Of Delaware on November 19, 2007.   (Id., Exh. A.)   Briefly,

Plaintiffs seek underinsured motorist benefits following a

Delaware motor vehicle accident in which a vehicle operated by

Plaintiff Harry E. Coutz was struck by another vehicle.   (Id.,

Exh. A.)   Pursuant to 28 U.S.C. § 1441, Defendant removed the

action to this Court on January 15, 2008.   (Id.)

Roughly four months later, on May 19, 2008, Defendant moved

pursuant to 28 U.S.C. § 1404 to transfer the action to the United

States District Court for the District of Maryland.   (D.I. 4.)

Defendant contends that the Court should grant its Motion

because, although the accident took place in Delaware, this case

otherwise has "minimal contacts" with Delaware.   (D.I. 4 ¶ 9.)

Indeed, Defendant contends that the present action will involve

application of Maryland law to a Maryland insurance policy

covering a vehicle registerd in Maryland.   (Id.)   Defendant

further contends that litigation in Delaware will cause

unnecessary expense and inconvenience because all of its

witnesses and documents are located in either Maryland or

Virginia.   (Id. ¶¶ 10, 11.)   Defendant makes no assertions

regarding the availability of Plaintiffs' witnesses and

documents, simply stating that "Plaintiff would not be prejudiced

or hampered in the presentation of this case in the United States

District Court for the District of Maryland."   (Id. ¶ 13.)

In response, Plaintiffs contend that Defendants have in the

past defended numerous claims in Delaware and will continue to do

so in the future, such that it should not be regarded as an

unnecessary inconvenience or expense for Defendant to litigate

the instant action in Delaware.   (D.I. 6 ¶ 11.)   Plaintiffs

further contend that, if the case is transferred to Maryland,

they will be prejudiced by being forced to find new counsel.

(Id. ¶ 13.)

**DISCUSSION**

## I. Legal Standard

In determining whether to transfer a case pursuant to §
1404(a), courts in the Third Circuit apply the public and private
interest factors outlined in <u>Jumara v. State Farm Ins. Co.</u>, 55
F.3d 873 (3d Cir. 1995).  With regard to the private interests,
courts consider: (1) the plaintiff's choice of forum; (2) the
defendant's preferred forum; (3) where the claim arose; (4) the
convenience of the parties; (5) the convenience of the witnesses,
but only to the extent that the witnesses may be unavailable for
trial in one of the fora; and (6) the location of books and
records, again, only to the extent that they may not be available
in one of the fora. <u>Id.</u> at 879.  With regard to the public
interests, courts consider: (1) the enforceability of the
judgment; (2) practical considerations that could make the trial
easier, quicker, or less expensive; (3) court congestion; (4)
local interest in the controversy; (5) public policies of the
fora; and (6) the trial judge's familiarity with the applicable
state law. <u>Id.</u> at 879-80.

## II.  Decision

Upon reviewing the private and public interest factors that
govern motions to transfer venue, the Court concludes that
transfer to the District of Maryland is not warranted.

A.    The Private Interest Factors

The plaintiff's choice of forum is entitled to "paramount consideration." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "[I]f the plaintiff's choice of forum relates to its legitimate, rational concerns then the plaintiff's choice of forum is . . . accorded substantial weight." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F.Supp. 759, 764 (D. Del. 1991). As Defendants admit, at the time of the accident, Plaintiff Harry E. Coutz was a resident of Delaware. (D.I. 4 ¶ 9.) Following the accident, he retained Delaware counsel to represent both himself and co-plaintiff Jennifer Coutz. Plaintiffs now both reside in Leesport, Pennsylvania (D.I. 1 ¶ 1), which is appreciably closer to this Court than any District of Maryland courthouse. In light of these facts, the Court concludes that Plaintiffs' decision to litigate in Delaware reflects a rational decision to litigate near (1) the site of the accident, (2) the location of their residence, and (3) the location of their counsel. In these circumstances, to prevail on its Motion, Defendant must prove that the remaining public and private factors strongly favor transfer.

Though Defendant contends that the availability of documents and witnesses favors transfer to Maryland, they have made no showing that any witnesses or documents would in fact be unavailable in Delaware, as Jumara requires for this

4

consideration to favor transfer.   Jumara, 55 F.3d at 879.

Indeed, to the extent this case requires Delaware law enforcement

officers to testify about the accident and/or Delaware health

care providers to testify about Mr. Coutz's medical treatment

following the accident, Delaware is likely a more convenient

forum than Maryland for such witnesses.   Thus, this consideration

does not favor transfer.

The only other private interest factors that Defendant

contends favor transfer are its preference for litigating in

Maryland and the alleged convenience of the parties.   However,

Defendant is a national corporation, and the Court is unpersuaded

that Maryland, which is only a short drive from Delaware,

represents an appreciably more convenient forum than this Court.

Likewise, Defendant offers no explanation as to why Maryland

would be a more convenient forum for the Plaintiff.   In fact, in

light of the reasoning set forth above, the Court concludes that

Delaware is a more convenient forum than Maryland for Plaintiffs.

"Transfer is inappropriate when it would merely shift the burden

from the defendant to the plaintiff."   Schwarzkopf Technologies

Corp. v. Ingersoll Cutting Tool Co., 820 F. Supp. 150, 152 (D.

Del. 1992).   Accordingly, the Court concludes that the private

interest factors militate against transfer.

## B. The Public Interest Factors

The only public interest factor that Defendant contends favors transfer is the greater familiarity of a Maryland court with the law that may govern this case.  While this consideration favors transfer, it does so only slightly because the relevant legal issues here are straightforward.  See Memminger v. Infocure Corp., No. 00-707-JJF, 2000 U.S. Dist. LEXIS 22077, at *19-*20 (D. Del. Nov. 14, 2000).  In the Court's view, this consideration does not overcome the strong preference for Plaintiffs' choice of forum.  Accordingly, the Court will deny Defendant's Motion To Transfer Venue.

NOW THEREFORE IT IS HEREBY ORDERED this _2)_ day of January, 2009, that:

1.    Defendant's Motion To Transfer Venue (D.I. 4) is

      **DENIED**.

2.    Within twenty (20) days of the date of this Order the
      parties shall submit a joint, proposed Scheduling Order
      for the Court's consideration.  If the parties are
      unable to reach agreement, they shall outline their
      disputes in the joint, proposed Scheduling order.

_January 2), 2009_
       DATE

_____
UNITED STATES DISTRICT JUDGE

6