IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY E. COUTZ, et al.,            :
                                   :
            Plaintiffs,            :
                                   :
    v.                             :   Civil Action No. 08-33-JJF
                                   :
GEICO DIRECT,                      :
                                   :
            Defendant.             :

---

Antonia S. Bevis, Esquire of FERRARA, HALEY & BEVIS, Wilmington, Delaware.

Attorney for Plaintiffs.

Frank F. Daily, Esquire of THE LAW OFFICES OF FRANK F. DAILY, P.A., Hunt Valley, Maryland.

Nicholas E. Skiles, Esquire, of SWARTZ CAMPBELL, LLC, Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

July 28, 2010
Wilmington, Delaware.

Farnan, District Judge.

 Pending before the Court is a Motion for Summary Judgment filed by Defendant Geico Direct t/a Geico General Insurance Company ("Geico"). (D.I. 11.) For the reasons discussed, the Court will grant the Motion.

## I. BACKGROUND

 Plaintiff Harry E. Coutz was injured in a car accident caused by the negligence of Charles Hucks, an underinsured driver. (D.I. 14 at 1-2.) At the time of the accident, Hucks was insured by Progressive Insurance Company ("Progressive") in the amount of $15,000 for liability, and Plaintiffs were insured by Geico for accidents involving underinsured drivers under the terms of the Geico Family Automobile Insurance Policy (the "Policy") in the amount of $100,000 per person and $300,000 per occurrence. Plaintiffs settled with Progressive for the policy limits, and made an underinsured motorist claim against Geico under the Policy (D.I. 15 at 2). Geico denied Plaintiff's claim on the basis that Plaintiff's settlement with Progressive precludes liability on the part of Geico because (1) Plaintiffs did not properly notify Geico about the settlement as required by the Policy, and (2) the general release included in the settlement applies to Geico.

 The Policy is a Maryland insurance policy, and the parties agree that Maryland law applies to the interpretation of the

1

Policy. Section IV pertains to uninsured/underinsured motorist coverage, and provides in relevant part:

> Losses We Pay: We will pay damages for **bodily injury** and **property damage** caused by an accident which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** arising out of the ownership, maintenance or use of that vehicle.
>
> * * *
>
> Exclusions: 1. This Coverage does not apply to **bodily injury** to an insured if the **insured** or his legal representative has made a settlement of his claim which exhaust the applicable **bodily injury** or death limits of the liability insurance without our prior written consent unless:
> (a) we are notified in writing by Certified Mail that a tentative agreement to settle for the liability limits of the owner or operator of the other vehicle has been reached;
> (b) we did not make a payment equal to the tentative settlement amount to our insured within 30 days of our refusal to consent to the settlement offer; and
> (c) we respond to the written notice of settlement within 60 days.

(D.I. 11, Exh. 3 at 12.)

The General Release in the settlement agreement entered into by Plaintiffs and Progressive provides:

> For the Consideration of Fifteen Thousand Dollars ($15,000.00) . . . the undersigned hereby releases Charles Hucks and Progressive Insurance Company, their heirs, executors, administrators, agents, attorneys, and assigns, and all other persons, firms or corporations which are liable or which might be claimed to be liable, whether or not such other persons, firms or corporations are related in any manner to the party obtaining the release[.]

(D.I. 11 Ex. 5 at 1.)  The General Release does not contain any language protecting Geico's contractual right of subrogation and does not contain any language protecting or preserving

2

Plaintiff's underinsured motorist claim against Geico. In addition, the parties dispute the relevant law that applies to the General Release.

## II.    STANDARD OF REVIEW

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will

not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. <u>Id.</u>

### III. DISCUSSION

By their Motion, Geico contends that it is entitled to summary judgment on Plaintiffs' claims, because Plaintiffs failed to adhere to the contractual requirements in the Policy. Specifically, Geico contends that Plaintiffs failed to provide Geico with notice of their settlement with Progressive. (D.I. 12 at 10-12.) Geico acknowledges that it received a letter dated March 22, 2005 letter from Plaintiff's former attorney stating that "I am in the process of settling with the tortfeasor for policy limits of $15,000. Please be advised that I am putting you on notice that I intend to present a UM [underinsured motorist] claim against Geico." (D.I. 15 at 2.) However, Geico contends that this letter did not satisfy the notice requirements under the Policy and Maryland law, because it did not state that an agreement had been reached by Plaintiffs and Progressive, and because Geico was told by Progressive that the full policy limits ($15,000) had not yet been offered. (D.I. 17.) Because the notice requirements were not satisfied, Geico maintains that it

4

had no obligation to respond to the purported notice.

Settlements in the insurance context are governed by the Maryland Insurance Code. See Md. Ins. Code § 19-511. Specifically, Section 19-511 requires an injured party, who receives a written settlement offer from the liability insurer of an underinsured motorist, to send by certified mail a copy of the written settlement offer to the injured party's underinsured motorist insurer. Id. at 19-511(a). The injured party's underinsured motorist insurer is then required to respond, within 60 days, indicating its consent to the acceptance of the settlement offer and to the execution of releases, or its refusal to consent to the acceptance of the settlement offer. Id. at 19-511(b). If the underinsured motorist insurer refuses to consent to the injured party's acceptance of the settlement offer, the underinsured motorist insurer must pay the amount of the settlement offer to the injured party within thirty (30) days to preserve the insurer's subrogation rights. Id. at 19-511(c)-(d). If the insurer fails to respond to the notice within sixty (60) days or gives consent to the acceptance of the offer, "[t]he injured person may accept the liability insurer and its insured without prejudice to any claim the injured person may have against the uninsured motorist insurer." Id. at 19-511(e).

The purpose of these statutory consent to settle requirements is to protect the insured from the insurer's

5

unreasonable withholding of consent. Insurer consent is required for settlements, because when an injured party settles with a tortfeasor and releases all claims, the insurer's right of subrogation may be destroyed, which may, in turn, constitute a breach of the applicable insurance policy. See e.g. Nationwide Mut. Ins. Co. v. Voland, 653 A.2d 484, 488 (Md. App. 1995) (discussing settlements in the insurance context prior to enactment of Section 19-511).

In this case, the Policy language regarding notice of settlement is similar to what is provided in the Maryland Insurance Code. However, the Policy does not require "a copy of the liability insurer's written settlement offer." Rather, the Policy is satisfied if "we are notified in writing by Certified mail that a <u>tentative agreement to settle for the liability limits of the owner or operator of the other vehicle has been reached</u> . . ." (D.I. 11, Exh. 3, emphasis added.) The parties agree that Maryland law governs the Policy, and under Maryland law, the words of a contract "are to be given their customary and normal meaning. Absent ambiguity the construction of the contract remains within the province of the court." C & H Plumbing & Heating, Inc. v. Employers Mutual Casualty Co., 264 Md. 510, 512 (1972).

Reviewing the letter sent by Plaintiff's counsel to Geico under either the language of the Policy or applicable Maryland

6

law, the Court concludes that the letter does not satisfy the notice requirements. The letter from Plaintiff's former counsel is not a copy of any settlement offer and does not contain such a copy as required by Maryland law. In addition, the letter states, "I am in the <u>process of settling</u> with the tortfeasor for policy limits of $15,000." (D.I. 15 at 2.) In the Court's view, this statement does not comport with the plain language of the Policy which requires a "tentative agreement." Rather, the letter indicates only that the parties are in negotiations and that no tentative agreement has been reached. Indeed, that the parties were in the negotiation process is confirmed by Progressive's response to Geico's inquiry, which indicated that Progressive had not yet offered the policy limits to Plaintiffs and had only offered a settlement of $7,500. (D.I. 11, Exh. 2-4.) In these circumstances, the Court concludes that Geico was not given notice of an actual or tentative settlement agreement for the limits of the Progressive policy such that Geico's duty to respond would have been triggered under either Maryland law or the applicable provisions of the policy, and therefore, Plaintiffs failed to comply with the insurance policy requirements and applicable Maryland law. Accordingly, the Court concludes that Plaintiffs failed to preserve their underinsured motorist claim against Geico.

In light of the foregoing, the Court will also grant summary judgment in favor of Defendants on Plaintiffs' bad faith claim. In so doing, the Court also notes that at the time this cause of action arose, bad faith claims were not recognized by the State of Maryland under the common law, and a statutory cause of action was not created until 2007. Hartz v. Liberty Mutual Insurance Co., 269 F.3d 474, 476 (4th Cir. 2001) ("Maryland has made a considered decision not to recognize a tort action for bad faith failure to settle with an insured.")

## IV. CONCLUSION

For the reasons discussed, the Court will grant Geico's Motion For Summary Judgment.

An appropriate order will be entered.